

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-24-00010-CR
No. 02-24-00011-CR
No. 02-24-00012-CR
No. 02-24-00013-CR
No. 02-24-00014-CR
No. 02-24-00015-CR
No. 02-24-00016-CR
No. 02-24-00017-CR
No. 02-24-00018-CR
No. 02-24-00019-CR
No. 02-24-00020-CR
No. 02-24-00021-CR
No. 02-24-00022-CR
No. 02-24-00023-CR
No. 02-24-00024-CR

---

SHELLYE QREWANDA HALL, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court Nos. 1640717, 1695342, 1718559, 1765668, 1766019, 1766528, 1766531, 1766785, 1770925, 1771122, 1771482, 1771633, 1773183, 1765666, 1765786

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Shellye Qrewanda Hall pleaded guilty, without the benefit of a plea bargain, to 16 separate offenses: three robberies—each a second-degree felony; one burglary of a habitation—a second-degree felony; one theft of items valued at $2,500 or more but less than $10,000—a state-jail felony; eight theft of items valued at less than $2,500— each a state-jail felony (because she had two prior theft convictions); one fraudulent use or possession of identifying information—a state-jail felony; one failure to identify as a fugitive—a class A misdemeanor; and one criminal trespass—a class B misdemeanor. *See* Tex. Penal Code Ann. §§ 29.02, 30.02(a)(1), (c)(2), 30.05(a)(1), (d)(1), 31.03(a), (e)(4)(A), (e)(4)(D), 32.51(b)(1), (c)(1), 38.02(b), (d)(2). Following a punishment hearing, the trial court assessed Hall's punishment at 15 years' confinement for each of the robberies and the burglary, one year of confinement for each of the theft offenses and for the fraudulent-use-or-possession offense, and 30 days' confinement for the failure to identify and for the criminal trespass. The trial court sentenced her accordingly and ordered the sentences to run concurrently. Hall timely filed one notice of appeal from all 16 judgments.

After reviewing the records and concluding that no arguable grounds for the appeals exist, Hall's court-appointed appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the entire record

3

demonstrating why there are no arguable grounds for relief. *See id.*, 87 S. Ct. at 1400. Counsel also complied with the requirements set forth in *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (holding that appointed counsel must provide his client with copies of motion to withdraw and *Anders* brief, inform her of the right to file a pro se response and to review the appellate record, take concrete measures to facilitate the client's access to the appellate record, and inform his client of the right to seek discretionary review pro se if the court of appeals determines the appeal is frivolous).

Although given the opportunity to do so, Hall has not filed a response to the *Anders* brief on her own behalf. Likewise, the State declined to file a response.

We have independently examined the appellate records, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the records and counsel's brief, we agree with counsel that—but for a minor modification to the costs assessed in the judgment for trial court cause number 1765666 (one of the trial court's two misdemeanor judgments)—these appeals are wholly frivolous and without merit.

Each of the trial court's misdemeanor judgments impose $270 in court costs and a $5 reimbursement fee. But "[i]n a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the

4

court may assess each court cost or fee only once against the defendant." Tex. Code Crim. Proc. Ann. art. 102.073(a); *Johnson v. State*, Nos. 02-23-00090-CR, 02-23-00091-CR, 02-23-00092-CR, 02-23-00093-CR, 2024 WL 1318238, at *3 (Tex. App.—Fort Worth Mar. 28, 2024, pet. ref'd) (mem. op., not designated for publication). Thus, we will delete the erroneously assessed court costs and reimbursement fee in the judgment for cause number 1765666, the class B misdemeanor criminal trespass. *See* Tex. Code Crim. Proc. Ann. art. 102.073(b) ("In a criminal action described by Subsection (a), each court cost or fee . . . must be assessed using the highest category of offense that is possible based on the defendant's convictions."); *Santoro v. State*, Nos. 02-18-00039-CR, 02-18-00040-CR, 2018 WL 3153564, at *2 (Tex. App.—Fort Worth June 28, 2018, no pet.) (mem. op., not designated for publication).

Aside from this minor correction, our independent review of the records reveals nothing that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We grant counsel's motion to withdraw, modify the judgment in cause number 1765666 to delete the $270 court costs and $5 reimbursement fee, affirm that judgment as modified, and affirm the remainder of the trial court judgments.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 30, 2024

6